NO. 07-04-0542-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 29, 2005



______________________________




PRESTON WOOD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF ARMSTRONG COUNTY;



NO. 1031; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 After the appellate record was filed, appellant Preston Wood filed a motion for
extension of time in which to file his brief and a request for supplementation of the
reporter's record. The motion for extension of time was granted; however, the request for
supplementation of the reporter's record was denied. Appellant is indigent and appointed
counsel notified this Court by letter dated August 15, 2005, that he has requested the court
reporter to prepare a transcription of proceedings held June 3, 2004. (1) 

 This Court now sua sponte grants the court reporter an extension of time in which
to file the supplemental reporter's record to September 8, 2005, should one be authorized
by the trial court. Appellant is also granted an extension of time in which to file his brief to
September 18, 2005. Should appellant fail to meet the briefing deadline, this appeal will
be abated and the cause remanded to the trial court for further proceedings pursuant to
Rule 38.8 of the Texas Rules of Appellate Procedure. 

 It is so ordered.

 Per Curiam

Do not publish.
1. An inquiry by the Clerk of this Court revealed that appellant requested preparation
of a reporter's record from a previous trial that resulted in mistrial.



t
from appellant or an affidavit of inability to pay. However, from papers she provided to us,
it appears that in Cause No. 07-02-0187-CR (Trial Court Case No. 44,828-A), there was
an order dated March 27, 2002, deferring adjudication of the guilt of appellant for
possession of a controlled substance and placing him on community supervision. 
Presumably this is one of the orders from which appellant has filed his appeal. 

 On June 7, 2002, we sent letters to the court clerk and the court reporter informing
them that their respective records were due on May 27, 2002. If the records could not be
completed, it was requested that they complete and fill out a request form and return it to
the court no later than June 18, 2002. Then, on June 12, 2002, we received copies of an
order and judgment signed May 15, 2002, pronouncing adjudication of guilt in Cause No.
07-02-0187-CR and an order signed May 15, 2002, revoking community supervision and
imposing a sentence for the conviction of the offense of burglary of a building in Cause No.
07-02-0188-CR (Trial Court Case No. 33,491-A). At that time, appellant was apparently
represented by counsel. 

 Because of the state of confusion surrounding these appeals and because no
clerk's and reporter's records have been filed, we are authorized to abate these appeals
and remand the cases to the 47th District Court of Potter County for a hearing. See Tex.
R. App. P. 37.3. 

 Upon remand, the judge of the trial court shall immediately cause notice to be given
and conduct a hearing to determine:

 1. Whether appellant has abandoned his appeals.

 

 2. If appellant has not abandoned his appeals, whether appellant's attorney
continues to represent appellant and will diligently pursue his appeals. If
not, and appellant is not indigent, what steps should be taken to ensure that
appellant will promptly retain an attorney who will diligently pursue the
appeals.

 

 3. If appellant is indigent, an attorney should be appointed to handle the
appeals. If such an attorney is appointed, this court should be supplied that
attorney's name, address, and State Bar of Texas identification number.

 

 4. If appellant is indigent, what steps are necessary to ensure the prompt
preparation of clerk's and reporter's records.

 

 5. If any other orders are necessary to ensure the diligent and proper
pursuit of appellant's appeals.


 In support of its determination, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. In addition, the trial court shall cause a transcription of the hearing to be prepared
and included in a reporter's record. The supplemental clerk's and reporter's records shall
be submitted to this court no later than July 24, 2002. 

 It is so ordered. 

 Per Curiam

Do not publish.